# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 08-209 |
| | ) | Judge Nora Barry Fischer |
| LAZONO FERNANDO DEAMUES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. INTRODUCTION

This matter is before the Court on a *pro se* Motion filed by Defendant Lazono Fernando Deamues seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines, (Docket No. [95]), which is opposed by the Government, (Docket No. [97]). The Federal Public Defender was appointed to review Defendant's eligibility for a sentence reduction but has declined the Court's invitation to file a reply brief in support of his petition. (*See* Docket No. [96]). However, Defendant filed a *pro se* reply brief on his own behalf.[1] (Docket No. [99]). After careful consideration of the parties' positions, the relevant facts of record and for the following reasons, Defendant's Motion [95] is DENIED.

### II. BACKGROUND

On November 19, 2009, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846 and was subject to a ten-year mandatory minimum sentence under 21 U.S.C. §

---

[1] Defendant also submitted a letter dated April 25, 2015 which was considered by the Court although the information contained therein is not relevant to the disposition of the present motion. (Docket No. 98).

841(b)(1)(A)(iii). (Docket Nos. 51, 52). The parties stipulated in their plea agreement that Defendant was responsible for "more than 1.5 kilograms but less than 4.5 kilograms of crack cocaine." (Docket No. 51 at ¶ C.2.). At sentencing, a dispute arose between the parties when the Government advised that it intended to present evidence demonstrating that Defendant was responsible for the distribution of an amount of crack cocaine at the higher end or above the stipulated range in order to counter Defendant's motion for a variance based on the alleged disparity for crack cocaine and powder cocaine offenses. (Docket Nos. 71, 73). The Government's posture caused Defendant, through counsel, to file a motion to enforce the stipulation of more than 1.5 kilograms but less than 4.5 kilograms set forth in the plea agreement. (Docket No. 71). In response, the Government agreed that the presentation of such evidence was unnecessary. (Docket No. 73). The Court then denied this motion, as moot. (*See* Docket No. 91).

However, the Court granted Defendant's motion for a variance, in part, sentencing him to 150 months' incarceration, well below the then-advisory guidelines range of 188-235 months. (Docket No. 75). In reaching this decision, the Court acknowledged the parties' stipulation on the amount of crack cocaine involved in the offense but also adopted all of the facts stated in the offense conduct section of the Presentence Investigation Report ("PIR") as no objections had been made by either of the parties. (Docket No. 91 at 16). The Court then reviewed the essential facts set forth in ¶¶ 5-7 of the PIR on the record in support of its rulings:

> [B]ased on what I read in the pre-sentence investigation report, and everyone has agreed that those facts are accurate, at Paragraph 5 it tells me that you, Mr. Deamues, were originally from Detroit, and in the fall of 2006, you relocated to Warren, Ohio, which is located right across the border from Sharon, Pennsylvania.
>
> And from that location, the defendant, quote, set up a drug distribution network. Paragraph 6, again, everyone agrees these

2

> facts are correct. Agents were able to confirm that from the fall of 2006 until February, 2008, Deamues was responsible for distributing multi-kilogram quantities of cocaine base in Sharon and Farrell. And in that paragraph it also says that you were arrested on an outstanding warrant from Detroit, and after you were advised of your Miranda rights, you made a full confession, and I'm quoting, Deamues admitted that in the fall of 2006 he began his cocaine base trafficking organization in Western Pennsylvania. He admitted to being the source for a number of individuals from Sharon and Farrell that were arrested as part of this investigation.
>
> And then, it goes on that you admitted to obtaining at least 20 kilograms of cocaine from a source in Michigan, and 64 kilograms of cocaine from sources in Ohio. And then, it goes on, he would then cook up the cocaine into cocaine base himself, and then, distribute it to others. And Deamues admitted that his cocaine base trafficking activities spanned the entire time from the fall of 2006 to February, 2008.

(*Id.* at 39-40). No specific objections were made to the Court's recitation of the facts, which was wholly consistent with the information in ¶¶ 5-7 of the PIR. (*Id.*). In short, the Court found that Defendant obtained at least <u>84 kilograms of powder cocaine</u> from supply sources, cooked the powder cocaine to convert it to crack cocaine and then <u>distributed multi-kilogram quantities of crack cocaine</u> throughout Sharon and Farrell, Pennsylvania from 2006 to 2008.

Defendant did not appeal his sentence. Later, with the assistance of counsel, Defendant litigated a prior § 3582(c) motion seeking a sentence reduction based on the 2011 Amendments to the United States Sentencing Guidelines, (i.e., Amendments 750 and 759), which reflected the enactment of the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372 21 U.S.C. § 841 (2010). (Docket Nos. 78, 82, 83). The Government opposed Defendant's motion for a sentencing reduction. (Docket No. 86). As framed, the parties presented alternative arguments disputing both elements of the § 3582(c) petition: (1) whether the 2011 amendments actually lowered the advisory guidelines range in Defendant's case due to the changes in the established ranges for crack cocaine guidelines and the parties' stipulation which was drafted in reference to

3

the prior range; and, (2) if the limitation of Guideline § 1B1.10(b)(2)(A) precluded a sentence reduction below the advisory guidelines range produced by the application of the 2011 amendments was unconstitutional. (Docket Nos. 78, 82, 83, 86). This Court denied Defendant's motion, holding that it was unnecessary to resolve the issue surrounding the drug quantity and the stipulation because the constitutional challenge presented by Defendant was without merit and his sentence of 150 months was below either of the potential advisory guidelines ranges proposed by the parties, precluding relief under §§ 1B1.10(b)(2)(A). *United States v. Deamues*, Crim. No. 08-209, 2013 WL 593978 (W.D. Pa. Feb. 14, 2013). The United States Court of Appeals for the Third Circuit affirmed for essentially the same reasons. *United States v. Deamues*, 553 F. App'x 258, 260 (3d Cir. 2014).

Defendant now returns to the Court seeking a reduction under the 2014 amendments to the Guidelines, i.e., Amendment 782. (Docket Nos. 95, 99). The Government once again opposes Defendant's motion, conceding that his advisory guidelines range has been lowered by two levels under Amendment 782 resulting in an advisory guidelines range of 151-188 months but arguing, as before, that his sentence of 150 months remains below such range, rendering him ineligible for a reduction. (Docket No. 97). Defendant counters that his advisory guidelines range should be 121-151 months and requests a sentencing reduction to 121 months, at the low end of that range. (Docket Nos. 95, 99).

III. LEGAL STANDARD

> 18 U.S.C. § 3582(c)(2) provides for the modification of the terms of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (internal quotation marks omitted). However, the policy statement at U.S.S.G. § 1B1.10, as amended,

> strictly prohibits courts from reducing a "defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range," unless the initial term of imprisonment was reduced "pursuant to a government [§ 5K1.1] motion to reflect the defendant's substantial assistance to authorities...." U.S.S.G. § 1B1.10(b)(2)(A)-(B). In other words, this binding policy statement "prohibits a reduction below the low end of the prisoner's new range, even if the prisoner originally received a below-Guidelines sentence," and "[t]he only exception is for defendants whose below-Guidelines sentences were based on [§ 5K1.1 motions]." [*United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir.2012)].

*Deamues*, 553 F. App'x at 260. "If these two requirements are satisfied, a court may then exercise its discretion—'after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable,' 18 U.S.C. § 3582(c)(2), as well as the factors contained in the commentary to the Commission's policy statements, U.S.S.G. § 1B1.10, cmt. n. 1(B)—to determine whether a reduction in sentence is warranted (as well as the extent of any such reduction)." *United States v. Surine*, 555 F. App'x 213, 216 (3d Cir. 2014) (quoting *United States v. Flemming*, 617 F.3d 252, 257 (3d Cir. 2010)).

IV. DISCUSSION

The sole issue in the present § 3582(c) motion is that which was left unresolved in the prior litigation, i.e., whether the amount of crack cocaine attributable to Defendant's conduct in this case is more or less than 2.8 kilograms. (Docket Nos. 95, 97, 99). Under the 2014 Amendments, a base offense level of 34 applies if the case involved "[a]t least 2.8 KG but less than 8.4 KG of Cocaine Base" while a base offense level of 32 applies if the Defendant was responsible for "[a]t least 840 G but less than 2.8 KG of Cocaine Base." U.S.S.G. §§ 2D1.1(c)(2) and (c)(3). After applying the uncontested 3 level reduction under Guideline § 3E1.1, the potential advisory guidelines ranges are either: 151-188 months based on a total offense level of 31 and criminal history category of IV; or 121-151 months based on a total offense level of 29 and criminal history

category of IV. Hence, consistent with the Third Circuit's decision in *Deamues*, if the sentencing record shows that Defendant is responsible for more than 2.8 kilograms of crack cocaine, he remains ineligible for a sentencing reduction because the low end of the recalculated advisory guidelines range (151 months) is above the sentence of 150 months which was imposed by the Court. *See Deamues*, 553 F. App'x at 260.

At this stage, it is Defendant's burden to demonstrate that his conduct involved the distribution of less than 2.8 kilograms of crack cocaine. *See Surine*, 555 F. App'x at 216. The Government bore the burden at the original sentencing hearing to demonstrate the drug weight by a preponderance of the evidence. *See Id.* When "there is no drug seizure, the Guidelines counsel the court to 'approximate the quantity of the controlled substance' based on a number of factors, including 'the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.'" *Surine*, 555 F. App'x at 216 (quoting U.S.S.G. § 2D1.1, cmt. n. 5.). This Court is directed to consider the sentencing record and any factual findings regarding the applicable drug quantity but is not authorized to address challenges to an earlier drug quantity determination given the limited scope of § 3582(c) proceedings. *See United States v. Patton*, --- F. App'x ---, 2015 WL 4366798, at *2 (3d Cir. Jul. 16, 2015) (quotations omitted) ("Section 3582(c) does not authorize a resentencing, but only permits a sentence reduction within the narrow bounds established by the United States Sentencing Commission" and "the District Court lacked the authority to address Patton's challenge to its drug quantity determination.").

At sentencing, this Court adopted the parties' stipulation that the amount of crack cocaine involved was "more than 1.5 kilograms but less than 4.5 kilograms of crack cocaine," (Docket No. 51 at ¶ C.2.), but also made additional factual findings concerning the drug weight including that

6

after waiving his *Miranda* rights, Defendant admitted to law enforcement officers that he had obtained <u>84 kilograms of powder cocaine</u>, cooked it himself to convert it to crack cocaine and then distributed <u>multi-kilogram quantities of crack cocaine</u> throughout the Farell and Sharon areas. (Docket No. 91 at 39-40). These findings, which the Court may not revisit, *see Patton*, 2015 WL 4366798, at *2, certainly demonstrate by a preponderance of the evidence that the amount of crack cocaine involved in this case exceeded 2.8 kilograms rather than a weight below that amount.[2] *See Surine*, 555 F. App'x at 216. Indeed, such a finding is consistent with both the parties' stipulation that the offense involved "more than 1.5 kilograms" and also with the PIR's usage of "multi-kilogram quantities," the common meaning of same being "many," "more than one," or "more than two" kilograms. *See* "multi", Merriam-Webster *available at:* http://www.merriam-webster.com/dictionary/multi- (last visited 8/24/15). When coupled with the amount of powder cocaine that Defendant admitted he obtained from his suppliers, 84 kilograms, there can be no real dispute that the "approximate quantity" of crack cocaine Defendant distributed was greater than 2.8 kilograms of crack cocaine.

To this end, the Sentencing Commission has recognized that "[o]ne gram of pure powder cocaine under ideal conditions will convert to approximately 0.89 grams of crack cocaine." *United States v. Hamilton*, 715 F.3d 328, n.1 (11th Cir. 2013) (quoting U.S. Sentencing Commission, Report to the Congress: Cocaine and Federal Sentencing Policy 63 (2007), *available at:* http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/drug-topics/200705_RtC_Cocaine_Sentencing_Policy.pdf (last visited 8/24/15)). Applying this

---

[2] This finding is also consistent with the posture taken by defense counsel at the initial sentencing who moved to enforce the plea agreement and stipulation rather than counter the Government's proffer that Defendant's drug trafficking involved an amount at or above the high end of the stipulated range of 4.5 kilograms. *See Surine*, 555 F. App'x at 216 ("Based on that record, the District Court reached the conservative estimate that Surine was responsible for, at most, 3.5 kilograms of cocaine. In fact the primary dispute at the hearing was not whether Surine was responsible for distributing less than that amount; it was whether Surine was responsible for distributing considerably more.").

conversion rate to the amount of powder cocaine that Defendant admitted he cooked and converted to crack would result in 74.76 kilograms of crack cocaine – far in excess of the stipulated amount of 1.5 kilograms and well above the amount of 2.8 kilograms that is at issue here. *See United States v. Fowler*, 74 F. App'x 262, 265 (4th Cir. 2003) ("The evidence establishes that the defendants were responsible for an amount far greater than 50 grams of crack. Davis' testimony that in 1998 he and Belcher returned to Durham with a total of eleven kilograms of powder cocaine is alone sufficient to find the defendants responsible for over 50 grams of crack. One gram of cocaine powder converts to approximately .89 grams of crack and the amount of crack—well in excess of 50 grams—to which eleven kilograms of powder cocaine converts is attributable to all members of the conspiracy."). Additionally, the amount of powder cocaine that Defendant obtained from his suppliers, (i.e., 84 kilograms), is between 50 kilograms and 150 kilograms and if powder cocaine was utilized to compute his base offense level it would result in offense level 34 – which is the same offense level that is applied here for more than 2.8 kilograms of cocaine base. *See* U.S.S.G. § 2D1.1(c)(3).

Defendant has not pointed the Court to any portion of the sentencing record which suggests that an amount lower than 2.8 kilograms was actually found by the Court at sentencing and has not submitted any evidence in support of such position. (Docket Nos. 95, 99). Rather, he argues that the "rule of lenity" requiring ambiguous criminal statutes to be construed in favor of a criminal defendant should counsel the Court to utilize the low end of the parties' stipulated range. (*Id.*). The "rule of lenity" does not control here because the Court is not construing a "grievously ambiguous statute," *see United States v. Barbosa*, 271 F.3d 438, 455 (3d Cir. 2001), but is merely reviewing its prior factual findings to determine if he has demonstrated a right to relief under § 3582(c). *See e.g., United States v. Aponte-Guzman*, 696 F.3d 157, 160 (1st Cir. 2012) ("the case

law makes pellucid that the rule of lenity, which has a laser-like statutory focus, does not apply to drug-weight calculations under the sentencing guidelines.") (citing *United States v. Gonzalez*, 407 F.3d 118, 124 (2d Cir. 2005) and *United States v. McIntire*, 153 F.3d 424, 438, n.16 (7th Cir. 1998)).

In all, the Court concludes that the sentencing record demonstrates that Defendant was responsible for the distribution of more than 2.8 kilograms of crack cocaine and that while his advisory guidelines range under 2014 Amendments would be reduced to 151-188 months' incarceration, he remains ineligible for a sentencing reduction due to the application of Guideline § 1B1.10(b)(2)(A). *See Deamues*, 553 F. App'x at 260. Finally, the Court once again commends Defendant for the efforts that he has made toward post-offense rehabilitation but the same does not permit this Court to reduce his sentence. *See United States v. Barfield*, 2013 WL 425122 (W.D. Pa. Feb. 4, 2013), *aff'd*, 543 F. App'x 288 (3d Cir. 2013).

V.   CONCLUSION

For all of these reasons, IT IS HEREBY ORDERED that Defendant's Motion [95] is DENIED. An appropriate Order Regarding Motion for Sentence Reduction follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   August 26, 2015

cc/ecf: All counsel of record

Lazono Fernando Deamues, pro se
Reg. No. 30612-068
FCU Elkton-FA
P.O. Box 10
Lisbon, OH 44432

Probation Office

U.S. Marshal